UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICHARD WILLIAM RUSSELL,

           Petitioner,

v.                                        Case No. 22-CV-1368

WARDEN LIZZIE TEGELS,

           Respondent.

---

## RECOMMENDATION ON THE PETITION FOR A WRIT OF HABEAS CORPUS

---

Richard William Russell, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. He raises a single claim in his petition, which he characterizes as "fruit of the poisonous tree." (ECF No. 1 at 5.)

Russell argued in the circuit court that officers violated the Fourth Amendment when they seized cocaine from his car. Russell contends that the circuit court was wrong to credit an officer's testimony that he saw drugs in plain view in the center console and door pocket of Russell's vehicle. Russell argues that the court should have

placed more weight on video from the officer's body camera, which, Russell asserts, did not show any drugs.

The circuit court concluded that the video offered only a limited field of view and thus did not necessarily record everything that the officer was able to see. In any event, the video did record what appears to be a plastic bag in the center console of the vehicle, corroborating the officer's testimony. Therefore, it denied Russell's motion to suppress, and Russell pled guilty.

The Wisconsin Court of Appeals affirmed Russell's conviction (ECF No. 2-6), and the Wisconsin Supreme Court denied his petition for review (ECF No. 2-7).

Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Russell's claim is that he is in custody in violation of the Fourth Amendment. However, federal habeas law generally does not provide relief for violations of the Fourth Amendment. *See Stone v. Powell*, 428 U.S. 465, 494 (1976). "This is because the exclusionary rule is a 'means of effectuating the rights secured by the Fourth Amendment' by deterring police misconduct, rather than a personal constitutional right of the defendant." *Sutton v. Pfister*, 834 F.3d 816, 820 (7th Cir. 2016) (quoting *Stone*, 428

U.S. 465, 482). "In the case of collateral proceedings, that deterrent effect is so weak that it is outweighed by the harm of excluding probative evidence." *Id*.

An exception exists when a petitioner has not had a full and fair opportunity to litigate a Fourth Amendment claim in the state courts. *Stone*, 428 U.S. at 494. The Court of Appeals for the Seventh Circuit explained that, when assessing whether a petitioner had a full and fair opportunity to litigate a Fourth Amendment claim, "[o]ur role is not to second-guess the state court on the merits of the petitioner's claim, but rather to assure ourselves that the state court heard the claim, looked to the right body of case law, and rendered an intellectually honest decision." *Monroe v. Davis*, 712 F.3d 1106, 1114 (7th Cir. 2013). Even if Russell could show that the state court's decision was obviously wrong, it would not be enough to show that he was denied a full and fair opportunity to litigate his claim. *See Cabrera v. Hinsley*, 324 F.3d 527, 531 (7th Cir. 2003).

Russell's petition and appended documents make clear that he had a full and fair opportunity to litigate his claim, including at an evidentiary hearing at which he was represented by counsel, the state presented the testimony of the police officer who found the drugs, Russell was able to cross-examine the officer, and then argue his motion (ECF No. 2-2). There is no hint that the court abused or undermined the process in some fundamental way so as to render the process unfair. *See Cabrera*, 324 F.3d at 532.

Therefore, because it plainly appears from the petition and the attached exhibits that *Stone* bars Russell from obtaining relief in the district court, the court must recommend that Russell's petition be dismissed.

**IT IS THEREFORE RECOMMENDED** that Russell's petition for a writ of habeas corpus be dismissed pursuant to *Stone v. Powell*, 428 U.S. 465 (1976) and Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 29th day of November, 2022.

WILLIAM E. DUFFIN
U.S. Magistrate Judge