UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICHARD WILLIAM RUSSELL,

    Petitioner,

v.

                                        Case No. 22-cv-1368-pp

WARDEN LIZZIE TEGELS,

    Respondent.

---

**ORDER OVERRULING PETITIONER'S OBJECTION (DKT. NO. 6), ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION (DKT. NO. 5), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

On November 17, 2022, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. The clerk's office assigned the case to Magistrate Judge William E. Duffin. On November 29, 2022, Judge Duffin issued a report recommending that this court dismiss the case. Dkt. No. 5. The petitioner filed an objection to the report and recommendation. Dkt. No. 6. The court will overrule the petitioner's objection, adopt Judge Duffin's recommendation and dismiss the case.

**I.    Background**

    A.    <u>Petition</u> (Dkt. No. 1)

The petitioner challenges his 2019 state court conviction on one count of possession with intent to distribute cocaine with use of a dangerous weapon and two counts of possessing a firearm as a convicted felon. Dkt. No. 1 at 1. On October 5, 2021, the Wisconsin Court of Appeals affirmed the petitioner's

1

conviction. Dkt. No. 2-6. On February 16, 2022, the Wisconsin Supreme Court denied the petition for review. Dkt. No. 2-7.

The petition raises one ground for relief: "fruit of the poisonous tree." Id. at 5. The petitioner alleges that a police officer illegally searched his vehicle and that the officer's body camera did not reveal any drugs inside the vehicle. Id. The petition asserts that the officer's testimony was given more credibility than the officer's body camera footage and asserts that the court of appeals "simply changed the language to say [that the officer] had a broader perspective than his body camera." Id.

The petitioner also filed a supplemental brief. Dkt. No. 2. He argued that the circuit court erred in denying his motion to suppress because the contraband was not in plain view. Id. at 7. He argued that the officer could not have seen the bag of cocaine in the center console of his car because it was "obstructed by a receipt." Id. He asserts that the body camera footage does not show any drugs, and that the officer's testimony that he saw drugs is inconsistent with that footage. Id. He takes issue with various portions of the officer's testimony, including the officer's statement that he could see cocaine in the driver's side map compartment of the door through the driver's side window. Id. at 8. The petitioner asserts that this would have been virtually impossible, and says the video evidence contradicts this testimony. Id.

The petitioner also argues that the circuit court judge should have weighed the body camera footage more heavily than the officer's testimony "when undertaking the plain view analysis." Id. He asserts that the body

2

camera footage" should not be discredited just because the perspective of the camera was not "exactly the same as what the officer was seeing when looking in the vehicle." Id. at 9. He asserts that any variance was marginal at best, and he argues that a video—unlike a human witness—does not need to have its credibility determined. Id. The petitioner says that the circuit court referenced the 1:29 mark in the video when concluding that there appeared to be a plastic bag in the console, stating that "it is very hard to see because the flashlight also tends to . . . wash out the image of this video." Id. The petitioner insists that at the 1:29 mark, before the office shone his flashlight into the vehicle "it is clear as day the object one sees is a white receipt which corroborates with the two minute forty nine second mark once [the officer] is inside of the vehicle." Id. He says that there is no visible plastic bag of white substance, and he argues that the reason the bag was hard to see is because "you can't see it." Id.

B.  Report and Recommendation (Dkt. No. 5)

Judge Duffin construed the petitioner's single ground for relief as a Fourth Amendment claim. Dkt. No. 5 at 2. Judge Duffin explained that federal *habeas* law generally does not provide relief for violations of the Fourth Amendment. Id. (citing Stone v. Powell, 428 U.S. 465, 494 (1976)). He noted that there is an exception to this general prohibition when a petitioner has not had a full and fair opportunity to litigate a Fourth Amendment claim in state court. Id. at 3 (citing Stone, 428 U.S. at 494). Citing Seventh Circuit precedent, Judge Duffin explained that when determining whether the petitioner had a full

3

and fair opportunity to litigate a Fourth Amendment claim, the court must assure itself "that the state court heard the claim, looked to the right body of case law, and rendered an intellectually honest decision." Id. (quoting Monroe v. Davis, 712 F.3d 1106, 1114 (7th Cir. 2013)).

Judge Duffin determined that the petition and supporting documents demonstrated that the petitioner had a full and fair opportunity to litigate the Fourth Amendment claim, including at an evidentiary hearing at which the petitioner was represented by counsel. Id. Judge Duffin found no evidence that the state court "abused or undermined the process in some fundamental way so as to render the process unfair." Id. (citing Cabrera v. Hinsley, 325 F.3d 527, 531 (7th Cir. 2003)). Concluding that the petition and attached exhibits made it plainly apparent that Stone bars the petition from obtaining relief on federal *habeas* review, Judge Duffin recommended that this court dismiss the petition. Id. at 4.

C.  Objection (Dkt. No. 6)

On December 14, 2022, the court received the petitioner's objection to the report and recommendation. Dkt. No. 6. The petitioner objects to Judge Duffin's finding that that he had a full and fair opportunity to present his Fourth Amendment claim in state court. Id. at 4-5. He asserts that the circuit court judge who presided over the evidentiary hearing did not approach the hearing with an open mind. Id. at 4. The petitioner takes issue with how quickly the judge decided the motion and argues that the judge failed to properly view the police officer's body camera footage, which showed that no

4

drugs were visible in plain sight. Id. He argues that when the police officer was being cross-examined by defense counsel, the officer testified that he saw a white receipt in the center console, not cocaine. Id. The plaintiff again asserts that "[v]ideo footage does not make mistakes, humans do." Id. The petitioner also argues that the judge did not apply the proper constitutional case law to the facts of his case. Id.

## II. Analysis

### A. Legal Standard

The Federal Rules of Civil Procedure apply in *habeas* cases. See Rule 12, Rules Governing Section 2254 Cases in the United States District Court. Rule 72(b)(1) allows a district court to refer a case to a magistrate judge, who then "conduct[s] the required proceedings," and "enter[s] a recommended disposition." Fed. R. Civ. P. 72(b)(1). A party who disagrees with the magistrate judge's recommendation has fourteen days from the date the magistrate judge issues the recommendation to file "specific written objections." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which an objection is made"). The petitioner must specify "each issue for which review is sought," but need not specify "the factual or legal basis of the objection." Johnson v. Zema Sys. Corp., 170 F.3d 734, 741 (7th Cir. 1999). The district court is required to conduct a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." Id. at 739. "If no objection or only partial

5

objection is made, the district court judge reviews those unobjected portions for clear error." Id. (citations omitted). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Wees v. Samsung Heavy Indus. Co. Ltd., 126 F.3d 925, 943 (7th Cir. 1997).

B.  Analysis

Judge Duffin issued his report and recommendation on November 29, 2022, meaning the petitioner's objection was due by December 13, 2022. The court received the petitioner's objection on December 14, 2022—a day late. Because the petitioner is incarcerated and there are often delays in sending and receiving mail from correctional institutions, however, the court will accept the untimely filed objection and conduct a *de novo* review of whether the petitioner had a full and fair opportunity to present his Fourth Amendment claim in his state court proceedings.

Claims for federal *habeas* relief under the Fourth Amendment are generally barred, "so long as the state court granted [the petitioner] a full and fair hearing on the claim." Monroe, 712 F.3d at 1112-13 (citing Stone, 428 U.S. at 494). "Establishing that the petitioner was not granted a full and fair hearing is thus the means of surmounting the *Stone* bar and opening the door to federal review of the merits of the petitioner's Fourth Amendment claim." Id. (citing Wallace v. Kato, 549 U.S. 384, 395, n.5 (2007)). A defendant has had an opportunity for full and fair litigation of a Fourth Amendment claim when "(1)

6

he clearly apprised the state court of his Fourth Amendment claim with the factual basis for that claim, (2) the state court carefully and thoroughly analyzed the facts, and (3) the court applied the proper constitutional case law to those facts." Miranda v. Leibach, 394 F.3d 984, 997 (7th Cir. 2005) (citation omitted).

The role of a federal court on *habeas* review is "not to second-guess the state court on the merits of the petitioner's claim, but rather to assure [itself] that the state court heard the claim, looked to the right body of case law, and rendered an intellectually honest decision." Monroe, 712 F.3d at 1114. "It takes more than an error in the state court's analysis to surmount the *Stone* bar." Id. (citing Hampton v. Wyant, 296 F.3d 560, 563-64 (7th Cir. 2002); Leibach, 394 F.3d at 998). Only if the error "betray[s] an unwillingness on the part of the [state] judiciary to treat [the petitioner's] claim honestly and fairly" will that error provide a basis for the merits review of a Fourth Amendment claim in a federal *habeas* case. Id.

The court first notes that the petitioner made some arguments in his objection that he did not make to Judge Duffin. He argues in his objection that the circuit court judge was close-minded and asserts that it was improper for the judge to comment on how quickly he resolved the petitioner's case; the petitioner did not make these arguments to Judge Duffin. "[A]rguments not made before a magistrate judge are normally waived." United States v. Melgar, 227 F.3d 1038, 1040 (7th Cir. 2000). "[A] willingness to consider new arguments at the district court level would undercut the rule that the findings

in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." Id. However, even if the court were to consider these arguments, they are speculative. The petitioner speculates that the circuit court judge had closed his mind to the petitioner's arguments and was more worried about a speedy than a just resolution. That speculation is not a basis for granting federal *habeas* relief.

The petition and attached exhibits demonstrate that the petitioner apprised the state courts of his Fourth Amendment claim, and that the state courts analyzed the facts and applied the proper constitutional law. The petitioner attached the District I Court of Appeals' decision affirming his conviction. Dkt. No. 2-6. Because that court was the last to rule on the petitioner's arguments, the court reviews that decision to determine whether it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d). The Wisconsin Court of Appeals' decision was neither contrary to established federal law nor resulted in a decision based on an unreasonable determination of the facts.

On direct appeal, the petitioner argued that the trial court erred in denying his motion to suppress because the plain view exception to the warrant requirement did not apply. Id. at 1. The Court of Appeals rejected that argument and held that the State had satisfied all three conditions to establish

8

that the applicability of the plain view exception. Id. at 2. The appellate court noted that (1) the police officers had responded to reports of shots fired and the petitioner's vehicle was the only vehicle in the immediate vicinity of the reported gunfire; (2) because it was already dark outside, the police officer looked inside the petitioner's car windows with a flashlight; and (3) the police officer saw what he suspected to be cocaine based on his extensive experience with drug investigations. Id.

In reaching its decision, the Court of Appeals rejected the petitioner's argument that the police officer's body camera footage contradicted the officer's testimony and that the body camera footage did not show that the officer leaned over the driver's side window at an angle that would have allowed him to see the cocaine Id. at 3. The appellate court explained that under Wisconsin law, it was required to accept the circuit court's determinations of fact and witness credibility unless those determinations were clearly erroneous. Id. The court recounted the circuit judge's conclusions that the body camera shows a perspective or view more limited than that of the officer and his reasoning that the video showed a plastic bag in the center console with a receipt on top of it. Id. at 3-4. While the petitioner argued to the appellate court that the circuit judge had erred when he said that the officer had "greater credibility than [the] video," the appellate court characterized this as an "inartful turn of phrase," and found that "when read in the context of the entire decision it [was] clear that the circuit court meant that [the officer] had a broader perspective than what was shown on his body camera footage." Id. at 4.

9

The petitioner continues to insist that the officer's testimony was not credible. But the Supreme Court has held that

> [w]e may not characterize . . . state-court factual determinations as unreasonable "merely because [we] would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 . . . (2010). Instead, § 2254(d)(2) requires that we accord the state trial court substantial deference. If "'[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's . . . determination. *Ibid.* (quoting *Rice v. Collins*, 546 U.S. 333, 341-342 . . . (2006)).

<u>Brumfield v. Cain</u>, 576 U.S. 305, 313-14 (2015). This court, like the Wisconsin Court of Appeals, must give great deference to the circuit judge's factual determinations and credibility determinations. The Court of Appeals followed the law and correctly deferred to the circuit court judge's determinations.

The appellate court's decision shows that the petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court. That court carefully and thoroughly analyzed the facts and looked to the correct body of case law to determine that the plain view exception to the warrant requirement applied. The fact that the petitioner believes the circuit court judge should have disbelieved the officer is not a basis for this court to grant *habeas* relief. Because the petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court, the court does not have the authority to review his federal *habeas* claim.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue

10

Case 2:22-cv-01368-PP   Filed 12/30/22   Page 10 of 11   Document 7

a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000). No reasonable jurist could debate that the petitioner had a full and fair opportunity to litigate the Fourth Amendment claim in the state court.

**IV. Conclusion**

The court **OVERRULES** the petitioner's objection. Dkt. No. 6.

The court **ADOPTS** Judge Duffin's report and recommendation in full. Dkt. No. 5.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 30th day of December, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**